IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. McCOOL,<br><br>  Plaintiff,<br>v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P., et al.,<br><br>  Defendants | No. C-06-1314 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; DISMISSING CLAIMS AGAINST ASTRAZENECA WITHOUT PREJUDICE; DENYING AS MOOT ASTRAZENECA'S MOTION TO STAY** |

On July 12, 2006, plaintiff Donnell L. Lawshea ("Lawshea") filed an "Motion for Administrative Relief; Omnibus Request for Orders Approving Dismissal Without Prejudice" in C 06-1492, Lawshea v. Astrazeneca Pharamaceuticals, L.P., et al., and included therein a request that the Court dismiss without prejudice plaintiff Charles A. McCool's ("McCool") claims against Astrazeneca.[1]  Astrazeneca filed opposition, and Lawshea, on behalf of, inter alia, McCool, filed a reply; both the opposition and reply were filed in the Lawshea action.  On August 16, 2006, the instant case was reassigned to the undersigned.  Having reviewed the parties' respective submissions with respect to the motion for administrative relief, to the extent such submissions pertain to the instant action, the Court rules as follows.

A plaintiff is entitled to a dismissal without prejudice unless the defendant demonstrates it will "suffer some plain legal prejudice as a result of the dismissal." See Hamilton v. Firestone Tire & Rubber Co., 679 F. 2d 143, 145 (9th Cir. 1982).

Plaintiff's counsel, apparently anticipating the transfer of his claims against

---

[1]Lawshea and McCool have the same counsel.

1 AstraZeneca to the Middle District of Florida for inclusion in <u>In re Seroquel Products
2 Liability Litigation</u>, MDL No. 1769, states plaintiff does not wish to proceed with his claims
3 therein, preferring instead to refile in a state court, in the event plaintiff decides to refile at
4 all.  In opposition, AstraZeneca argues a refiling would defeat the purposes of the MDL
5 Panel's order creating multidistrict litigation.  AstraZeneca, however, cites no authority
6 holding such result constitutes cognizable prejudice for purposes of defeating plaintiff's
7 motion to dismiss.  Further, plaintiff's claims arise under state law, and "[t]he possibility that
8 plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a
9 voluntary motion to dismiss without prejudice, especially when state law is involved."  <u>See</u>
10 <u>American Nat'l Bank and Trust Co. v. BIC Corp.</u>, 931 F. 2d 1411, 1412 (10th Cir. 1991);
11 <u>see</u> <u>also</u> <u>Wetlands Water Dist. v. United States</u>, 100 F. 3d 94, 97 (9th Cir. 1996) (citing
12 favorably to <u>American Nat'l Bank</u>).  Consequently, AstraZeneca has not shown it will be
13 prejudiced if plaintiff's motion is granted.

14 AstraZeneca alternatively argues that any dismissal without prejudice should be
15 conditioned on plaintiff's refiling his complaint in a federal district court with proper venue,
16 not adding any defendant that would destroy diversity, and not objecting to transfer to the
17 MDL proceeding in the Middle District of Florida.  In short, the conditions would require any
18 refiled action to be litigated in the Middle District of Florida.  AstraZeneca cites no authority
19 in support of the imposition of such conditions and, under the circumstances pertaining
20 herein, the Court finds such conditions are not warranted

21 Accordingly, to the extent the motion filed July 12, 2006 in the Lawshea action
22 applies to the instant action, the motion is hereby GRANTED, and McCool's claims against
23 AstraZeneca are DISMISSED without prejudice.[2]

24 **IT IS SO ORDERED.**
25 Dated: August 18, 2006
26 MAXINE M. CHESNEY
United States District Judge

---

28 [2]AstraZeneca's motion to stay, filed August 1, 2006, is hereby DENIED as moot.

2